**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ALPHONSE STEVENS, on behalf of himself
and all others similarly situated,

                Plaintiff,

                                    CLASS ACTION COMPLAINT
                                        And
                                      JURY DEMAND
v.                                        Case #:

ASSET RECOVERY BUREAU LLC,

                Defendant.
_____

**CLASS ACTION COMPLAINT**

      Plaintiff, ALPHONSE STEVENS, individually and on behalf of others similarly situated, files this action against Defendant, ASSET RECOVERY BUREAU LLC (hereinafter "ASSET RECOVERY BUREAU"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72, Fla. Stat. In support, Plaintiff alleges the following:

**INTRODUCTION**

      1.    This case arises out of the substantive rights of Plaintiff and Class Members under the FDCPA and the FCCPA.

      2.    ASSET RECOVERY BUREAU is a debt collector attempting to collect monies allegedly due from Plaintiff and Class Members.

      3.    Plaintiff alleges that in collecting these debts allegedly due from Plaintiff and Class Members, ASSET RECOVERY BUREAU has routinely and systematically sent them written communications which violate the FDCPA and FCCPA.

      4.    The FDCPA requires debt collectors including ASSET RECOVERY

BUREAU to represent debt information in a non-misleading manner.

5.      For the foregoing conduct as detailed more fully below, Plaintiff brings two counts: Count I for ASSET RECOVERY BUREAU's violation of the FDCPA; and Count II for its violation of the FCCPA. Defendant violated Plaintiff's and Class Members' substantive rights under these statutes, causing Plaintiff and the putative Class Members cognizable injuries, giving rise to this action for actual and statutory damages under them.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

7.      The Court has personal jurisdiction because Plaintiff resides there, Defendant does business in Florida and this District, and because specific conduct and acts giving rise to this litigation occurred in Florida.

8.      Also, at all times material to this action, Defendant has maintained voluntary, continuous, and systematic contacts with Florida making it foreseeable Defendant would be subject to this Court's jurisdiction, including collecting debts through telephone calls and the mail in Florida, and transacting substantial and regular debt collection business in or affecting Florida, including, collecting consumer debts of Plaintiff and Class Members in this District and throughout Florida.

9.      Venue is proper in this District under 28 V.S.C. §§ 1391(b)(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

10.     All conditions precedent to the filing of this action, if any, have been performed, have occurred, or have been waived.

**PARTIES**

11.    Plaintiff is natural person, a resident of Hollywood, Florida, and a consumer within the meaning of the FDCPA.

12.    Each Class Member is a consumer who was sent the same form of collection letter or a substantially and materially similar letter as Plaintiff from ASSET RECOVERY BUREAU.

13.    Defendant, ASSET RECOVERY BUREAU maintains a principal place of business at 1212 Abbott Road, Suite C, Lackawanna, New York 14218. Its principal business is collecting defaulted debts owed to another, and it regularly uses the mails to collect such debts.

**APPLICABLE LAWS**

**Fair Debt Collection Practices Act**

14.    The purpose of the FDCPA is "to eliminate abusive debt collection practices ... to promote consistent State action to protect consumers against debt collection abuses... "15 U.S.C. § 1692.

15.    The FDCPA generally prohibits debt collectors, including ASSET RECOVERY BUREAU, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, and from overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

**Florida Consumer Collection Practices Act**

16.    The purpose of the FCCPA is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir.

2010)(citing § 559.552, Fla. Stat.).

17.     Like the FDCPA, the FCCPA prohibits persons, including ASSET RECOVERY BUREAU, from engaging in certain abusive practices in the collection of consumer debts. *See* generally § 559.72, Fla. Stat.

18.     Specifically, the FCCPA states that no person, including ASSET RECOVERY BUREAU, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

19.     Sometime prior to July 12, 2024, Plaintiff allegedly incurred a financial obligation to CC CONNECT D/B/A LOANME INC. ("LOANME").

20.     The LOANME obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21.     Plaintiff incurred the LOANME obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22.     Plaintiff incurred the LOANME obligation in connection with a personal account.

23.     The LOANME obligation did not arise out of transactions that were for business use.

24.     The LOANME obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     LOANME is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     At some time before July 12, 2024, the LOANME obligation was allegedly purchased by and/or sold to PLAZA SERVICES, LLC.

27.     At the time the LOANME obligation was allegedly purchased by and/or sold to PLAZA SERVICES, LLC, the LOANME obligation was in default.

28.     Defendant caused to be delivered to Plaintiff an undated letter, which was addressed to Plaintiff regarding the LOANME obligation.  **See <u>Exhibit A</u>,** which is fully incorporated herein by reference.

29.     The undated letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     The undated letter was the initial communication from Defendant to Plaintiff regarding the LOANME obligation. No other written communication was received by Plaintiff from the Defendant within 5 days of the undated letter regarding the LOANME obligation.

31.     Upon receipt, Plaintiff read and relied on the representations and statements in the undated letter.

32.     Defendant admitted that it was a debt collector in its undated letter:

> This communication is from a debt collector, this is an attempt to collect a debt.  Any information obtained will be used for that purpose.

33.     The undated letter provided the following details about the LOANME obligation.

| FILE NO: | 2024-113430 |
|---|---|
| ORIGINAL CREDITOR: | CC Connect dba LoanMe Inc |
| ORIGINAL CREDITOR NO: | 10104305 |
| CURRENT CREDITOR | Plaza Services, LLC |
| BALANCE: | $3,690.06 |
| AGREED SETTLEMENT: | $0.00 |
| PAYMENTS: | $0.00 |
| **TOTAL DUE:** | **$3,690.06** |

34.     Defendant's undated letter stated in part that:

As of July 12, 2024,  Plaza Services, LLC has placed your CC Connect dba LoanMe Inc account with Asset Recovery Bureau LLC for collections. Your balance of **$3,690.06**  remains outstanding.

35.     In addition, Defendant's undated letter stated the following:

Payment is required upon receipt of this correspondence. If you are unable to commit to payment in full, please contact us immediately so that we may consider and discuss alternate payment arrangements. This matter is time sensitive and is only placed with our office for a limited amount of time without a commitment for repayment. Our representatives are standing by to take your call from 9 am to 5:30 pm eastern standard time. You may also use our website for payments by following the link at the top of this page. We look forward to helping you resolve this matter!

36.      Defendant failed to advise Plaintiff of the rights afforded to him under the FDCPA and Regulation F (discussed herein) as required by law.

37.     The undated letter failed to advise Plaintiff of the notices required by 15 U.S.C. § 1692g(a)(3) through (5).

38.     Pursuant to 15 U.S.C. § 1692l(d) of the FDCPA, "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

39.     Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

40.     Regulation F established a Model Form initial collection letter which if used properly by a debt collector would satisfy regulatory compliance with 12 CFR § 1006.34(d)(2)(i).

41.     **While a debt collector does not have to use the Model Form initial**

6

**collection letter, it is still required to provide the consumer with the information now required by Regulation F**.

42.     Pursuant to Regulation F, a debt collector must disclose an itemization of the current amount of the debt (i.e., the amount of the debt as of when the validation information is provided).

43.     That itemization **must** reflect the amount of the debt incurred since the itemization date that is attributable to 1) interest charged, 2) fees incurred, 3) payments made, and 4) credits.

44.     A debt collector **must** include fields in the notice for all four of these items when providing the validation information, even if no additional amounts have accrued since the itemization date.

45.     For each of the four items, a debt collector **must** not leave the amount disclosure blank, but instead, **must** indicate that no amounts have been incurred since the itemization date. For example, if a consumer has not made any payments since the itemization date, a debt collector providing that consumer a written notice must still include a field for payments made in the itemization but may indicate that the value of payments made since the itemization date is "0" or "none," or may state that no payments have been assessed or applied to the debt.

46.     Pursuant to Regulation F, Defendant was required to provide Plaintiff with the specific date that the debt collector will consider the end date of the validation period during which a consumer may verify the debt.  See 12 CFR 1006.34(c)(3)(i)-(iii).

47.     Defendant's undated letter fails to comply with Regulation F, which became effective November 30, 2021.

48.     Defendant's undated letter fails to include any of the additional information

required by Regulation F.

49.　　Defendant's undated letter fails to include all of the notices, information, disclosures, and statements required by Regulation F.

50.　　Defendant's undated letter fails to include an itemization date of any kind or any reference to an itemization date as required by 12 CFR § 1006.34(c)(2).

51.　　Defendant's undated letter fails to include any of the specific dates required under 12 CFR § 1006.34(c)(3).

52.　　Defendant's undated letter failed to provide the necessary consumer-response information required by 12 CFR § 1006.34(c)(4).

53.　　Defendant's undated letter failed to advise Plaintiff of the specific date that the validation period would end on.

54.　　The undated letter caused Plaintiff to be confused.

55.　　The undated letter frustrated Plaintiff's ability to intelligently choose a response.

56.　　The undated letter hampered Plaintiff's ability to respond.

57.　　The undated letter failed to provide Plaintiff with notices and information which is required to be given.

58.　　The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

59.　　The stated purpose of the FDCPA is to "eliminate abusive debt collection ctices by debt collectors, to insure that those debt collectors who refrain from using abusive

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

60.     As described herein, Defendant engaged in abusive debt collection practices that are prohibited by the FDCPA.

61.     Defendant knew or should have known that its actions violated the FDCPA.

62.     Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## DEFENDANT'S UNIFORM COURSE OF CONDUCT

63.     Plaintiff's experience is not unique. ASSET RECOVERY BUREAU has regularly collected on the debts of Class Members defined below, and in collecting those debts, ASSET RECOVERY BUREAU has routinely and systematically violated the FDCPA and the FCCPA as described herein.

64.     Upon information and belief, ASSET RECOVERY BUREAU tracks its general business practices as it relates to each member of the Class, including Plaintiff, electronically, and maintains electronic records that are searchable regarding the debts it collects, the debtors' identities, account numbers assigned them, and the principal allegedly owed.

34.     Upon information and belief, ASSET RECOVERY BUREAU tracks via electronic records their written requests for information from debtors, communications with them, and collection letters sent them.

35.     Upon information and belief Defendant's debt collections and communication are part of an automated debt collection process whereby collections communications, procedures, and polices are implemented automatically via computer programming.

9

36.      Its collections and communication to debtors, are part of routine policy and procedure, which Defendant has memorialized in writing to its employees. It has in-house employees that review and approve communication forms to ensure their legality before they are used. Nonetheless Defendant routinely mailed collection letters to collect debts the same or substantially similar to Exhibit A.

37.      <u>The Common Injury.</u> The FDCPA and the FCCPA respectively create shared, substantive statutory rights for Plaintiff and Class Members.

38.      The FDCPA creates a private right of action under 15 U.S.C. § 1692k. The FDCPA created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including,

     a.  The right to receive accurate information, representations, and disclosures about debts;

     b.  The right to be protected from unfair or unconscionable practices in collections of debts; and

     c.  The right to be protected from deceptive means of collecting debts.

*See* 15 U.S.C. §§ 1692e, 1692f, 1692g and 1692k.

39.      The FCCPA also creates a private right of action. *See* § 559.77, Fla. Stat. By the FCCPA the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including, but not limited to, the rights to be protected from collection of their debts (a) by persons who know that the debts they are attempting collect from them are not legitimate or (b) by persons that assert the existence of some legal right vis-a-vis their debts when such person knows that the right does not exist. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

40.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff asks to be designated as a Class Representative, and as Class Representative brings this action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all other persons similarly situated-the "Classes" or "Class Members" defined as follows:

### CLASS A – FDCPA

Within the applicable statute of limitations, all-natural persons in Florida, whom Defendant sent a letter (See Exhibit A), in an attempt to collect a debt.

### CLASS B – FCCPA

Within the applicable statute of limitations, all-natural persons in Florida, whom Defendant sent a letter (See Exhibit A), in an attempt to collect a debt.

Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are persons whose collection letters according to Defendant's records were returned as undeliverable, persons whose debts were for commercial purposes (not for personal, family, or household purposes), and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

42.     Numerosity. (Fed. R. Civ. P. 23(a)(1)). Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. At this time, Plaintiff does not know the exact number of Class Members, but the members of the Class will be easily ascertained through Defendant's electronic records, data, and databases.

43.     Commonality. (Fed. R. Civ. P. 23(a)(2)). There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These predominant common questions of law and/or fact include the following:

a.   Whether Defendant's letters overshadow and/or contradict the rights of Plaintiff and other Class Members;

b.   Whether Defendant's letters properly and effectively conveyed to Plaintiff and the Class Members the notices that are required by the FDCPA;

c.   Whether Defendant's letters violate any provisions of the FCCPA or FDCPA;

d.   Whether Plaintiff and Class Members are entitled to actual damages under the FCCPA or FDCPA; and,

e.   Whether Plaintiff and Class Members are entitled to statutory damages under the FCCPA or FDCPA.

44.   Typicality. (Fed. R. Civ. P. 23(a)(3)). The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving her claims under the FDCPA and FCCPA, Plaintiff will simultaneously prove the claims of all Class Members. The rights afforded under the FDCPA and the FCCPA are the same for Plaintiff and Class Members. Plaintiff and each Class Member were sent the standardized collection letters by Defendant described above, when it was trying to collect a debt. If this conduct violates the FDCPA and the FCCPA, it is does so not only for Plaintiff but for each Class Member. Moreover, any statutory damages awarded under those statutes will be formulaic.

45.   Adequacy. (Fed. R. Civ. P. 23(a)(4)). The Class Representative is a natural person, and she has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has extensive experience in class and/or FDCPA or FCCPA claims in this District;

46.     Predominance and Superiority. Fed. R. Civ. P. 23 (b)(3). The common questions identified above predominate over any questions of law or fact affecting only individual members of the Class. Moreover, class treatment is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

**COUNT I**
**(Fair Debt Collection Practices Act 15 USC § 1692 et seq.)**

47.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48.     Plaintiff and each Class Member is a "consumer" as defined by 15 U.S.C. § 1692a(3).

49.     The monies allegedly owed by Plaintiff and Class Members are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction ... [that is]... primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

50.     ASSET RECOVERY BUREAU is a "debt collector" of debts as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the debts from Plaintiff and Class Members via collection letters. The collection letters described above indeed uniformly confirmed this by identifying Defendant as a debt collector.

51.     ASSET RECOVERY BUREAU engaged in direct "communications" with Plaintiff and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives collection letters.

52.     The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

53.     As stated above, Congress created shared, substantive statutory rights of

Plaintiff and Class Members to be privately enforced and protected under the FDCPA, which Defendant has violated.

54.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55.     Defendant violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(10); § 1692f; § 1692g(a)(3)-(5) and § 1692g(b).

56.     Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

57.     Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

58.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

59.     By failing to provide Plaintiff with the notices required by  15 U.S.C. § 1692g(a)(3)-(5) of the FDCPA, Defendants violated 15 U.S.C. § 1692e of the FDCPA,

60.     By failing to comply with Regulation F as described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

61.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

62.     As described herein, Defendants violated 15 U.S.C. § 1692e(10).

63.     As described herein, Defendants violated 15 U.S.C. § 1692f.

64.     As described herein, Defendants violated 15 U.S.C. § 1692g(a)(3)-(5).

65.     As described herein, Defendants violated 15 U.S.C. § 1692g(b).

66.     As described herein, Defendant violated provisions of Regulation F.

67.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

68.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

69.     These violations of the FDCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FDCPA rights.

70.     As a result of these violations, Plaintiff and Class Members are entitled to statutory and/or actual damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

## COUNT II
### (Florida Consumer Collection Practices Act§ 559.72(9), Fla. Stat.)

71.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

72.     Plaintiff and each Class Member is a "debtor" and "consumer" as defined by § 559.55(8), Fla. Stat.

73.     In § 559.72, Fla. Stat., the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts. ASSET RECOVERY BUREAU is a "person" within the meaning of the FCCPA. Id.; See also§ 1.01(3), Fla. Stat.

74.     The monies allegedly owed by Plaintiff and Class Members are debts under the FCCPA because each one is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

75.     The FCCPA creates a private right of action. *See* § 559.77, Fla. Stat.

76.     As stated above, the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced and protected privately under the FCCPA, which ASSET RECOVERY BUREAU violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

77.     Based on the foregoing allegations, ASSET RECOVERY BUREAU violated the FCCP.

78.     These violations of FCCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FCCPA rights.

79.     As a result of the foregoing violations of the FCCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts Defendant was collecting.

80.     As a result of these violations, Plaintiff and Class Members are entitled to statutory damages and/or actual damages together with reasonable attorney's fees and costs under § 559.77, Fla. Stat.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE** Plaintiff, on behalf of himself and the Class, respectfully requests this Court to award against ASSET RECOVERY BUREAU in favor of Plaintiff and the Class all of the following:

a.     Certifying either Count I or Count II or both counts for class treatment under Fed. R. Civ. P. 23(a) and (b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as counsel for the Class;

b.     A judgment for actual damages under the FDCPA or the FCCPA;

c.     A judgment for statutory damages under the FDCPA or the FCCPA;

     d.      A judgment for costs and reasonable attorney's fees under the FDCPA or the

           FCCPA; and,

     e.      Any other relief for Plaintiff and the Class the Court deems just and proper.

Dated: December 17, 2024

Respectfully submitted,

_s/ Jonathan Benjamin___
JONATHAN BENJAMIN

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on December 17, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and that the forgoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

_s/ Jonathan Benjamin___
JONATHAN BENJAMIN
Florida Bar No. 91315
**BENJAMIN LAW PRACTICE, PLLC**
2645 Executive Park Drive, Ste 438
Weston, FL 33331
Telephone: (954) 716-8362
Facsimile: (954) 477-8020
Counsel for Plaintiff